**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| INNOVATION SCIENCES, LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>HTC CORPORATION,<br><br>       Defendant. | Civil Action No. 4:19-cv-00752-ALM<br><br>JURY TRIAL DEMANDED |

### RULE 26(f) JOINT CONFERENCE REPORT

COMES NOW Plaintiff Innovation Sciences, LLC ("Plaintiff" or "Innovation") and

Defendant HTC Corporation ("Defendant" or "HTC"), and pursuant to the Court's Order

Governing Proceedings dated January 20, 2020 (Dkt. No. 13) respectfully submit this report as

follows:

1.      **Suggested modifications of the proposed deadlines for the scheduling order set out
in Appendix B.**

      ***Innovation's Proposal:***

The patents at issue in this case are the same patents as are at issue in 4:18-cv-00476-

ALM which is currently pending before this Court ("the -476 action").  The -476 action is

currently consolidated for pretrial purposes with lead action 4:18-cv-00474-ALM ("the -474

action").  Because of the overlap of patents, Innovation submits that the -476 action should be

de-linked from the -474 action, and that this action and the -476 action should be consolidated

for all purposes including trial.  Additionally, the U.S. District Court for the Eastern District of

Virginia recently transferred a declaratory judgment action filed by Defendant HTC Corporation

("HTC") and one of its subsidiaries, HTC America, Inc. ("HTCA").  That case has been assigned

case number 4:20-cv-00180-ALM in this Court ("the -180 action").  The patent at issue in the -180 action is an indirect continuation of the patents at issue in the -476 action and the present action.  Consequently, Innovation submits that the -180 action also should be consolidated with the present case for all purposes including trial.  Judicial economy and conservation of the parties' resources weigh heavily in favor of such a consolidation.  Innovation suggests that if the Court consolidates the three actions, the parties should be ordered to submit a proposed scheduling order for consideration by the Court.

If the Court does not consolidate the three actions, a proposed case schedule is set forth as Appendix 1 to this Joint Conference Report.  The parties have largely agreed on a case schedule, with a limited number of competing proposals.  The parties will be prepared to address their competing proposals on these deadlines during the Rule 16(f) conference.

### *HTC's Proposal:*

HTC respectfully submits that entry of a scheduling order is not necessary because the Complaint should be dismissed for the reasons set forth in HTC's Rule 12(b)(6) motion to dismiss for improper claim splitting and circumvention of Patent Local Rules.  Dkt. No. 7 ("motion to dismiss").  HTC's motion to dismiss has been fully briefed and HTC has filed an unopposed motion requesting that that the motion be heard, to the extent the Court's schedule allows, during the upcoming Rule 16 management conference.

To the extent HTC's motion to dismiss is denied, HTC respectfully submits that this action should be stayed pending resolution of the related -476 action, referenced by Plaintiff above.  As Plaintiff submits, that case involves the same three patents-in-suit.  HTC understands from the Rule 26(f) conference that Plaintiff intends to assert the same claims as elected in Plaintiff's preliminary claim elections in the related -476 action under the Court's General Order

Adopting Model Order Focusing Patent Claims and Prior Art to Reduce Costs.  Accordingly, resolution of the issues in the related -476 action, which is in advanced stages with several pending case dispositive motions, may narrow or eliminate the pending disputes in this action.

In response to Plaintiff's proposal to "de-link" and consolidate the -476 action with this one, HTC objects to that proposal considering the number of case dispositive motions pending before the Court, in addition to time and resources HTC has expended in preparing the -476 action for favorable disposition on summary judgment or at trial.  Specifically, HTC has filed motions for summary judgment that Plaintiff lacks the right to bring suit under 35 U.S.C. § 262[1] (Dkt. No. 441) of non-infringement (Dkt. No. 438), invalidity under 35 U.S.C. § 101 (Dkt. No. 435), each of which would likely resolve any disputes raised in this action.  HTC has also filed a motion for summary judgment for limitation on damages for failure to mark under 35 U.S.C. § 287(a) which, if granted, would eliminate the majority of any alleged recoverable damages in this action.  In sum, if HTC's motion to dismiss is denied, HTC respectfully submits that because of the advanced stages of the 476-action, proceeding with the 476-action under its existing schedule and staying this present action will maximize the likelihood of judicial efficiency and narrowing or resolving the disputes in the present action.

With respect to the -180 action, HTC has already filed a motion for summary judgment that the single patent challenged in that declaratory judgment action is invalid under § 101.  The arguments and issues are substantially similar to the pending motion for summary judgment of invalidity on § 101 in the -476 action such that consideration of the motions together would also promote judicial economy.

---

[1] Previously raised by other defendants and styled in the consolidated -474 action as whether Plaintiff has standing to bring this suit.

To the extent the Court denies HTC's motion to dismiss and consolidates the -476 action with this action, HTC agrees that the parties' should confer on a schedule under those circumstances.  In the alternative, if the Court prefers that both cases proceed in parallel under their own schedules, HTC's proposal on a case schedule is included in Appendix 1.

**2.      Appropriateness of Mediation and Proposed Mediator**

The parties agree that mediation could be beneficial in this case but disagree on the timing of that mediation.  If this action is not consolidated with the -476 action and the -180 action, Innovation submits that a claim construction hearing is not necessary as this Court has already construed the terms of the patents-in-suit in the -476 action.  If the cases are consolidated as Innovation proposes, it may be appropriate to have a limited claim construction hearing to address the terms of the patent at issue in the -180 action.  Thus, Innovation proposes that mediation take place no later than 30 days after entry of the claim construction order, or 90 days before the close of fact discovery, whichever occurs first.

HTC agrees that a limited claim construction hearing may be necessary to address claim construction disputes as to the asserted patents in the -476 action and the present action that have come to light through expert discovery and are the subject of HTC's pending motion for summary judgment of non-infringement in the -476 action.  The Court's decision on HTC's summary judgment motion of non-infringement in the -476 action may obviate the need for any further claim construction.  HTC notes that the Parties previously conducted a mediation with Judge David Folsom in November 2019.  HTC is amenable to continuing to mediate with Judge Folsom given his familiarity with the parties and issues, including continuity from the prior mediation.  HTC also notes that the parties have a required one-day mediation in a pending investigation before the International Trade Commission, the deadline for completing being

4

April 17, 2020.  Considering this upcoming, mandated mediation, HTC currently does not have a preference on timing for mediation in this action considering the Parties will shortly have an opportunity to mediate and resolve its disputes through the ITC's mandated mediation.

Unless otherwise ordered, the parties will confer to select a mutually agreeable mediator in this case sufficiently in advance of the deadline to schedule the mediation.

**3.      Changes, if Any, to the Discovery Imposed by the Rules**

The parties will adhere to the discovery limitations imposed by the Federal Rules of Civil Procedure.  Plaintiff, however, requests the following modifications:

Each side is permitted up to 60 hours of deposition time, excluding expert depositions and third-party depositions.  Defendant is a Taiwanese company with thousands of employees, which Plaintiff understands are located in Taiwan and likely speak Chinese.  Depositions taken with translators easily double the length of time required for the deposition.  Plaintiff reasonably believes that the number of deposition hours should be modified to accommodate the number of deponents that may be required in this case, and the number of hours required for those depositions.  Should additional deposition hours be required, either party may move the Court for those additional hours.

HTC agrees that depositions requiring a translator should be allotted up to double the length of time as set forth by the Federal Rules.  While HTC does not believe that an upward adjustment of total deposition time is necessary, HTC does not object to Plaintiff's proposed adjustment provided that Plaintiff agrees that the deposition of its sole principal, Dr. Anne Wong, who is also a named inventor on the patents-in-suit, is not limited to seven hours.  HTC expects that Dr. Wong will cover all corporate deposition topics for Plaintiff.  In the -476 action, Defendants already need to seek additional time for the deposition of Dr. Wong, despite already

having deposed her for 12 hours, due to the numerosity of topics and documents that require examination.

**4.      The Identity of Persons Expected to Be Deposed**

The parties identify the following individuals/parties as likely to be deposed:

**A.      Identified by Plaintiff:**

1.      Anne Wong, Ph.D.

2.      Persons Defendant discloses or intends to bring to trial to testify.

3.      Experts disclosed by Defendant.

4.      Third-parties, including those identified by Defendant, that may have knowledge relevant to this action.

5.      Representatives, officers, and/or employees of Defendant.

**B.      Identified by Defendant:**

1.      Anne Wong, Ph.D.

2.      Ronald Wang, Ph.D.

3.      Ning "Nancy" Wang

4.      Guang Zeng, Ph.D.

5.      David Lyon, Ph.D.

6.      Individuals involved with the prosecution of the patents-in-suit

7.      Persons knowledgeable about issues relating to ownership, inventorship, standing, patent misuse, unclean hands or other defenses that may lead to the invalidity or unenforceability of the patents-in-suit

8.      Persons knowledgeable about prior art

9.      Representatives, officers, employees and/or consultants of Plaintiff and/or Plaintiff's predecessor entity (VIS)

10.     Experts disclosed by Plaintiff

**5.      Issues Relating to the Disclosure of Information**

Unless otherwise indicated herein, the parties will produce documents (as that term in used in Fed. R. Civ. P. 34) as single page TIFF files with Concordance-compatible load files (.DAT and .OPT files).  To the extent reasonable, all documents will be text-searchable and will be identified using a Bates Number naming convention.  Document level OCR text using beginning Bates Number naming convention will be used where practicable.  The parties are obligated to provide the following metadata for all documents produced, to the extent such metadata exists and is reasonably producible: Custodian, File Path, Email Subject, From, To, CC, Date & Time Sent, Date & Time Received, Filename, Author, Date & Time Created, Date & Time Modified, File Extension (or the equivalent thereof).

**Privilege Logs:**

When preparing privilege logs, the parties do not have to log materials or communications created by, or sent to or from, litigation counsel in this or earlier litigations.

**6.      Issues Relating to Preserving Discoverable Information**

Innovation does not believe that a Preservation Order to protect documents and/or electronically stored information is needed.

HTC believes that a Preservation Order to protect documents and/or electronically stored information may be necessary.

**7.      Whether Any Other Orders Should Be Entered by the Court Pursuant to Red. R. Civ. P. 26(c), Fed. R. Civ. P. 16(b), or Fed. R. Civ. P. 16(c)**

The parties anticipate that the protective order currently in place will need to be supplemented with provisions (1) permitting expert witnesses and consultants access to confidential information and materials produced under the protective order, and (2) governing the production, inspection, and handling of source code.  The parties will work together in good faith to try to achieve agreed proposals for such amendments.  HTC anticipate that an order governing the cross-use of materials provided and/or produced in other pending litigation matters between the parties, including previously produced documents and deposition and/or hearing or trial testimony, including the -476 Action and the pending ITC investigation 337-TA-1180, will promote party and judicial efficiency and reduce unnecessary discovery costs and resources.

**8.      Estimated Trial Time**

The parties anticipate a five (5) day trial for this case.

**9.      The Names of the Attorneys Who Will Appear on Behalf of the Parties at the Management Conference**

The following attorneys will appear on behalf of the parties at the case management conference:

For the **Plaintiff**:       Donald L. Jackson and/or James Berquist

For the **Defendant**:    Philip Ou and Gil Gilliam

**10.     Any Other Matters Counsel Deem Appropriate for Inclusion in the Joint Conference Report**

Limit on Asserted Claims:

The parties may seek entry of the Court's Model Order Focusing Patent Claims and Prior Art to Reduce Costs or some variation thereof based on the invalidity contentions that Defendant will serve.

Dated:  March 12, 2020

Respectfully submitted,

/s/ Donald L. Jackson
Donald L. Jackson, VA Bar No. 42882
(Admitted E.D. Tex.)
Email: djackson@dbjg.com
**DAVIDSON BERQUIST JACKSON &
GOWDEY LLP**
8300 Greensboro Drive, Suite 500
McLean, VA 22102
Phone: (571) 765-7700
Facsimile: (571) 765-7200

*Attorney for Plaintiff Innovation Sciences,
LLC*

/s/ Philip Ou
Yar R. Chaikovsky
yarchaikovsky@paulhastings.com
Philip Ou
philipou@paulhastings.com
Bruce Yen
bruceyen@paulhastings.com
Joshua Yin
joshuayin@paulhastings.com
Benjamin Alred
benjaminalred@paulhastings.com
**PAUL HASTINGS LLP**
1117 S. California Avenue
Palo Alto, California  94304-1106
Telephone:      1(650) 320-1800
Facsimile:      1(650) 320-1900

Harry L. Gillam, Jr.
TX Bar No. 07921800
**GILLAM & SMITH LLP**
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
gil@gillamsmithlaw.com

*Attorneys for Defendant HTC Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 12, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Donald L. Jackson*
Donald L. Jackson
